[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY COUNSEL
This is a motion to disqualify counsel from proceeding with post judgment motions to modify in this custody action based upon an alleged conflict of interest.
The facts are found to be as follows: Attorney Stephen T. Kulig recently appeared on behalf of the defendant, Donald E. Blake, relative to certain motions to open the judgment entered December 9, 1999, when the defendant was represented by other counsel.
In support of her motion to disqualify counsel, the plaintiff, Becky Lesage Tavares, testified on January 7, 2002 that in February of 1999, she visited Attorney Kung relative to a certain document or diary that the defendant had given to Family Services. In the course of the consultation she says she disclosed details of her relationship with the defendant and also her plan to remove to Canada after the custody action was over. The custody action was resolved by agreement in December of 1999. Attorney Kung never filed an appearance in the case.
Based upon Attorney Kulig's consultation with the plaintiff she seeks to disqualify Attorney Kung from representing the defendant on the ground that his appearance in this case constitutes a conflict of interest under Rule 1.9 of the Rules of Professional Conduct. (The plaintiff has never consented after consultation to his representation of the defendant as provided by Rule 1.9.)
In disqualification cases, the court must balance three competing interests: (1) the parties' interests in protecting confidential information; (2) their interests in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice. Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 507,457 A.2d 296 (1983), overruled in part on other grounds, Burger Burger, Inc. v. Murren, 202 Conn. 660, 522 A.2d 812 (1987).
Rule 1.9 of the Rules of Professional Conduct entitled "Conflict of Interest: Former Client" is applicable in the present situation. That section provides as follows:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(A) Represent another person in the same or substantially related matter in which the person's interests are materially adverse to the interest of the former client unless the former client consents after consultation; or CT Page 344
(B) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when information has become generally known.
The court finds the testimony of the plaintiff to be credible that Attorney Kung did discuss this case with her for nearly an hour. Her husband, Nelson Tavares was also present. Also credible is her testimony that she discussed her then current situation relative to certain information that may have been damaging to her case. She says she expected the consultation to be confidential.
At issue in the present motion to modify are matters involving a change of access for the defendant. Any insight into the plaintiffs position because of the prior representation would give an unfair advantage to the defendant.
The court finds there is a substantial relationship between the issues presented in this motion to modify and the custody case in which Attorney Kulig was briefly involved in 1999. The receipt of confidential information that would potentially disadvantage a client may thus be presumed. Bergeron v. Mackler, 225 Conn. 391, 399 (1993).
The court finds that the plaintiffs right to the protection of confidential information outweighs the defendant's right to select counsel of his choice. Goldenberg, Id., 507.
The motion is granted.
Potter, J.